STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM B. BROWN, Jr., DEFENDANT-APPELLANT.

Argued February 18, 1964—Decided March 16, 1964.

*Mr. William G. Wood* argued the cause for appellant.

*Mr. Peter Murray,* Assistant County Prosecutor, argued the cause for respondent (*Mr. Brendan T. Byrne,* Essex County Prosecutor, attorney).

The opinion of the court was delivered

PER CURIAM. Defendant was convicted of possession of a narcotic drug in violation of *R. S.* 24:18–4. We certified his appeal before argument in the Appellate Division.

Defendant claims he was denied due process of law in violation of the Federal and State Constitutions in that when he testified in his own defense, he was compelled to admit convictions of crimes including a narcotics offense. His argument is that since under the state of proof his failure to testify would have permitted comment against him, *State v. Corby,* 28 *N. J.* 106 (1958), he was under compulsion to take the stand, and having yielded to that force, he was then compelled to admit a prior offense of a related nature which must have influenced the jury's consideration of the issue of guilt despite the trial court's instruction that such convictions bear only upon credibility. Thus defendant says the two rules placed him in a vise which the Constitution forbids.

We note that the dilemma laid before us exists as well in a State which prohibits all comment upon the failure of a defendant to testify if the State also permits cross-examination as to prior convictions. There too a defendant may feel obliged to take the stand for fear that an inference of guilt will be drawn despite an instruction to the jury that none should be drawn, and thus the defendant must risk a prohibited inference whether he does or does not take the stand. See *McCormick, Evidence* § 43, *pp.* 93–94 (1954). In other words, the attack is really upon the proposition that a defendant may be cross-examined as to a criminal record.

Our statute, *N. J. S.* 2A:81–12, permits proof of conviction of any crime for the purpose of "affecting credibility." The justice of this approach has been questioned and

*Rule* 21 of the *Uniform Rules of Evidence* would ban such proof against a defendant unless he introduces evidence admissible solely to support his credibility. See *State v. Holley,* 34 *N. J.* 9, 14 (1961), *cert.* denied 368 *U. S.* 854, 82 *S. Ct.* 89, 7 *L. Ed. 2d* 51 (1961). What we have here is an area in which fair-minded men can disagree. The points of view could range from the proposition that a conviction should not be provable in any circumstances to the proposition that a conviction for a similar offense should be given at least a corroborative role in the State's case because of an inherent and rational probative force, indeed the very force which the defendant here fears. The issue, however, is not of constitutional dimension. The due process clause cannot be invoked merely because the "fairness" of some proposition of law is in question. The Fourteenth Amendment was not intended to subsume the vast body of local law and to articulate answers of constitutional strength and durability with respect to it.

The judgment is affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For reversal*—None.